
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10052 |
| Plaintiff - Appellee, | D.C. No. 4:04-cr-02195-JMR-BPV |
| v. | |
| MARY ELIZABETH SCHIPKE, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
John M. Roll, District Judge, Presiding

Argued and Submitted July 14, 2011
San Francisco, California

Before: SILVERMAN and GRABER, Circuit Judges, and LYNN, District Judge.**

Mary Schipke appeals the district court's revocation of supervised release

and denial of a motion to modify conditions of release regarding DNA collection.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Barbara M. G. Lynn, United States District Judge for
the Northern District of Texas, sitting by designation.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

Schipke's claim under the Religious Freedom Restoration Act of 1993 (RFRA) to remove the condition of release requiring her to submit a DNA sample is barred by collateral estoppel because it was previously decided by the United States District Court for the Northern District of Texas. *Schipke v. Chapman*, 4:08-cv-228-A, 2008 WL 2123749 (N.D. Tex. May 19, 2008) (unpublished decision). The RFRA issue raised in the Texas district court is sufficiently similar to that raised here, and was fully litigated and necessarily decided in the Texas case. *Contra United States v. Edwards*, 595 F.3d 1004, 1012 (9th Cir. 2010).

Further, the magistrate judge in Tucson did not abuse his discretion in allowing the probation officer in Dallas to testify by telephone to uncontested facts in this supervised release proceeding. But even assuming error, it was harmless because Schipke does not dispute the material portions of the officer's testimony. *See United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008) ("A due process violation at a revocation proceeding is subject to harmless error analysis." (internal quotation marks omitted)).

Finally, the Petition to Revoke Supervised Release provided sufficient notice of Schipke's alleged violation of her conditions of release, such that her due

process rights were not violated when the court took the action it took against her on that Petition. *Contra United States v. Havier*, 155 F.3d 1090, 1094 (9th Cir. 1998).

**AFFIRMED.**